| STATE OF LOUISIANA | * | NO. 2026-K-0026 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| TREMEL BOSS | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 565-874, SECTION "J"
Honorable Franz Zibilich, Judge, *ad hoc*
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins,
Judge Tiffany Gautier Chase)

**JENKINS, J., DISSENTS**

Liz Murrill
Louisiana Attorney General
J. Bryant Clark, Jr.
J. Taylor Gray
Louisiana Department of Justice
P.O. Box 94005
Baton Rouge, LA 70804

      COUNSEL FOR RELATOR STATE OF LOUISIANA

Kevin Boshea
Attorney at Law
8075 Jefferson Highway
Baton Rouge, LA 70809

      COUNSEL FOR RESPONDENT TREMEL BOSS

        **WRIT GRANTED; JUDGMENT REVERSED**
        **MARCH 13, 2026**

Relator, State of Louisiana (hereinafter "the State"), seeks review of the district court's November 13, 2025 ruling finding no probable cause and granting Respondent, Tremel Boss', motion to suppress. After consideration of the writ application before this Court and the applicable law, we grant the writ and reverse the district court's ruling finding no probable cause and granting the motion to suppress.

## Relevant Facts and Procedural History

On March 2, 2025, Louisiana State Trooper Calvin Nguyen was conducting "foot patrols" near the intersection of Canal Street and Royal Street during the Bacchus parade. He observed Respondent wearing a "solid black mask that cover[ed] [Respondent's] whole face except [his] eyes." Trooper Nguyen approached Respondent and notified him of the mask prohibition and asked him if he was concealing a weapon. Respondent answered in the negative and Trooper Nguyen initiated a pat down, during which a gun was discovered. Trooper Nguyen

1

then read Respondent his *Miranda* rights.[1] During a search incident to arrest, two Percocet pills were seized from Respondent's pocket.

On April 3, 2025, the State filed a bill of information charging Respondent with one count of wearing masks, hoods or other facial disguises in a public place, a violation of La. R.S. 14:313; one count of possession of a firearm by a person convicted of certain felonies, a violation of La. R.S. 14:95.1; one count of possession of a controlled dangerous substance schedule II, a violation of La. R.S. 40:967(C)(1); one count of illegal carrying of a weapon, a violation of La. R.S. 14:95(E); one count of illegal possession of a stolen firearm, a violation of La. R.S. 14:69.1; and one count of negligent carrying of a concealed handgun, a violation of La. R.S. 40:1382(A)(2). Respondent filed an omnibus motion to suppress statements, evidence and identification which was considered by the district court. After examining the mask worn by Respondent, the district court found no probable cause and suppressed the evidence against Respondent. This application for supervisory review followed.

## Discussion

La. R.S. 14:313 provides, in pertinent part, that no person shall wear a hood or mask in public, except for those persons participating in carnival parades or Mardi Gras festivities. In granting the motion to suppress, the district court posited that the exception, of wearing a mask during Mardi Gras season, would apply even to individuals who were not participating in the parade. For the district court, the definition of the word "participate" in La. R.S. 14:313 was the sole dispositive issue. We disagree. Irrespective of the mask prohibition, we find the germane issue more accurately defined as whether law enforcement had probable cause to

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966)

effectuate a stop and arrest of Respondent. The determination of whether probable cause exists for an arrest or reasonable suspicion for an investigatory stop is an objective inquiry that considers all of the information known collectively to the law enforcement personnel involved in the investigation. *State v. Elliott*, 2009-1727, p. 5 (La. 3/16/10), 35 So.3d 247, 251. The state trooper directly observed conduct constituting a violation of La. R.S. 14:313, giving him probable cause to arrest Respondent. A search conducted incident to a lawful arrest is a well-established exception to the warrant requirement. *State v. Surtain*, 2009-1835, p. 7 (La. 3/16/10), 31 So.3d 1037, 1043 (citing *United States v. Robinson*, 414 U.S. 218, 224, 94 S.Ct. 467, 471, 38 L.Ed.2d 427 (1973)). "It is well established searches incident to arrest conducted immediately before formal arrest are valid if probable cause to arrest existed prior to the search." *Surtain*, 2009-1835, p. 11, 31 So.3d at 1046 (quoting *State v. Sherman*, 2005-0779, p. 9 (La. 4/4/06), 931 So.2d 286, 292); *see also Rawlings v. Kentucky,* 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980) ("Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa."). Under that doctrine, the search of Respondent's person, during which the firearm and narcotics were recovered, was constitutionally permissible.

Further, reasonableness dictates the necessity of balancing legitimate law enforcement concerns and an individual's protected privacy interest. *State v. McClendon*, 2013-1454, p. 4 (La.App. 4 Cir. 1/30/14), 133 So.3d 239, 244. The stop in this matter occurred two months after the terrorist attack on Bourbon Street, which no doubt heightened law enforcement's concerns. Respondent was wearing a ski mask, not a type of mask commonly worn during Mardi Gras season, which

covered his entire face and concealed his identity. Under the totality of the circumstances, wearing a ski mask, in the French Quarter, two months after a terrorist attack in the French Quarter provided legal justification to conduct an investigatory stop of Respondent. *See Scott v. United States*, 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978) ("the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action."). Accordingly, we grant the writ and reverse the district court's ruling finding no probable cause and granting the motion to suppress.

**WRIT GRANTED; JUDGMENT REVERSED**